Hillhouse et al. v. Mix.

selectmen were too much influenced by the parties who were against the plaintiff, to take this step; from which in about three weeks they released him.

The law is — That the selectmen shall inspect, etc. and if they find any of their inhabitants reduced or likely to be reduced to want, by idleness, mismanagement or bad husbandry they may appoint an overseer, etc.

This is an authority to the selectmen, to be exercised in certain cases, against the general rights and liberties of the citizens, it must therefore, be cautiously and strictly pursued. The appointment in this case is, that upon complaint made, that Hezekiah Johnson is likely to be reduced, by law suits and mismanagement; we do appoint Isaac Hall his overseer, etc.— not that upon inspection we find, etc. nor, that upon his being cited before a justice, it is found, etc. So that the writing states no legal grounds for the measure, and none being proved upon the trial to have existed, the court was of opinion that the defendants were guilty, except Esq. Stanley, who was found not guilty; and £15 damages.

### HILLHOUSE, EDWARDS ET AL. v. MIX.

Tenants in common may join in an action for their common estate, or may each sue separately, for his part.
That the plaintiff shall recover according to the right he proves.

ACTION of ejectment for a house in New Haven, of which they were seized as tenants in common. Plea — that the defendant has done no wrong or disseisin, etc. Issue to the court.

The case was — The plaintiffs were tenants in common of the house, and since issue joined, John Lothrop, one of the plaintiffs had conveyed his right to a third person, who had conveyed it to the defendant's wife, and is since dead. The shares of two other plaintiffs have also been conveyed to the defendant since the commencing of this action, and they have been nonsuited.

This case was argued last circuit, and continued to this term to advise. Several points were made — 1st. That tenants in common, cannot join in an action of ejectment, but each must bring an action for his share. 2d. That if they may and ought to join, the nonsuit of a part of the plaintiffs is a nonsuit of all; for there is no summon and severance amongst tenants in common. 3d. That a release from some of the plaintiffs of their rights to the defendant must be a bar to all. 4th. That the defendant being a tenant in common, cannot be found guilty, without proof of some actual force towards the plaintiffs. And, 5th. That the plaintiffs must recover according to the demand, which is of the whole house, whereas the defendant owns three shares, they therefore cannot recover in this action. The court was of opinion that the defendant was guilty, and that the plaintiffs recover according to the interest they have.

By the COURT. Former decisions are according to the British law, that tenants in common might not join; but the law has been since settled in this state, that they may join. Summon and severance is applicable in Great Britain to joint tenants, etc. but not to tenants in common, who cannot join, there being no occasion for it; but in this state, where they may all or any part of them join, a nonsuit as to some of the plaintiffs, has the effect of a summon and severance, and the rest of the plaintiffs may proceed for their shares, the nonsuit notwithstanding: The defendant's acquiring a part of the premises pending the suit, can have no operation in purging the original wrong he has done as to the other parts. Nothing is more common than for a plaintiff to recover in ejectment, less than he demands. If tenants in common demand an entirety and prove a right to a moiety, they will recover according to the right which they prove; and the judgment will be to put them into possession, without putting out him who is rightfully in, in virtue of his interest.

The defendant in this case had disseized the plaintiffs before he had any right in the house and before the action was commenced; his acquiring a right afterwards only gave him a right to remain in possession with the plaintiffs.